IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 2, 2004

## QUINCY L. LOVE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23593     John P. Colton, Jr., Judge**

_____

**No. W2002-02081-CCA-R3-PC  - Filed May 7, 2004**

_____

The Appellant, Quincy L. Love, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief. On appeal, Love raises the single issue of whether he was denied the effective assistance of counsel by trial counsel's failure to properly advise him of his right not to testify or to properly prepare him to give testimony. After review of the record, we find no error and affirm the denial of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Robert B. Gaia, Memphis, Tennessee, for the Appellant, Quincy L. Love.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; and Thomas P. Hoover, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On November 21, 1996, the Appellant was involved in an altercation, which resulted in the death of Mondrea Dwayne Cunningham. The following facts were established on direct appeal:

> The evidence introduced at trial clearly showed that the victim died of a single gunshot wound inflicted by the Defendant. The Defendant testified that the victim owed him a little over a hundred dollars for cocaine which he had sold to the victim. The Defendant saw the victim on the street and initiated a discussion about the debt. When the victim told the Defendant that he really did not have to pay the Defendant

anything, the Defendant became angry and hit the victim in the face. During the ensuing fistfight, the victim was shot with the Defendant's pistol, which the Defendant had been carrying under his shirt in the waistband of his pants. . . . The facts in this case are basically undisputed, except that the Defendant testified that during the struggle, his pistol accidently discharged.

*State v. Quincy L. Love*, No. 02C01-9809-CR-00282 (Tenn. Crim. App. at Jackson, July 19, 1999), *perm. to appeal denied*, (Tenn. Feb. 7, 2000).

On June 10, 1998, a Shelby County jury convicted the Appellant of second-degree murder, and he was subsequently sentenced to a term of twenty-one years in the Tennessee Department of Correction. A panel of this court affirmed the conviction on direct appeal. *Id*. On June 29, 2000, the Appellant filed a *pro se* petition for post-conviction relief, which was subsequently amended after the appointment of counsel. The petition alleged, among other grounds, that the Appellant was denied the effective assistance of counsel. A hearing was held on May 10, 2002, at which only the Appellant and trial counsel testified.

After hearing the evidence presented, the post-conviction court entered an order on July 16, 2002, denying the petition. This appeal followed.

**Analysis**

On appeal, the Appellant asserts that trial counsel's representation was deficient because counsel failed to properly prepare him to testify or properly advise him of his right not to testify. As to the prejudice prong, the Appellant argues that

it is reasonable to infer that the jury convicted appellant at least partially based on his admission at trial. Such result would not have happened if counsel had properly advised and prepared appellant for his testimony, or properly advised him as to his right not to testify at all.

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The Appellant is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. R. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption that the post-conviction court's findings are correct. *Id.*

At the evidentiary hearing, the Appellant conceded that, prior to taking the stand at trial, he had been voir dired concerning his right to testify or not testify and that he had informed the court that it was his desire to testify. However, he asserted that he only testified because trial counsel told him "it would be better for" him if he did.

Trial counsel testified that the only defense available to the Appellant, based upon the facts of the case, was to try for a conviction of a lesser degree of homicide. Trial counsel further testified that she "always advise[d] [her] clients [regarding] their right to testify and not to testify." She stated that she did not recall advising the Appellant that he needed to testify but stated that she might have told him that his story regarding the accidental shooting would not get in front of the jury otherwise. Trial counsel went on to testify that she had prepared the Appellant to testify by explaining the questions she would ask, explaining that she would bring out his prior conviction to get it out of the way, and explaining that he needed to tell what had happened. She further explained to him that the State would cross-examine him and that while he was on the stand, "there wouldn't be a whole lot I would be able to do to protect him."

We find nothing in the record to preponderate against the post-conviction court's findings that the Appellant "failed to show that there were any serious errors committed by trial counsel." The Appellant was clearly advised of and was aware of his right not to testify. Trial counsel testified that she communicated with him pre-trial regarding the decision, and the Appellant was questioned in open court prior to giving testimony. We find nothing to indicate that trial counsel did not adequately prepare the Appellant in this decision or in his trial testimony. The statement made by trial counsel that the only way to get the Appellant's story before the jury was to take the stand was not inappropriate or coercive. Clearly, as the Appellant was aware, based upon the facts of this case, it was a well-reasoned tactical decision for him to testify, as it was the defense theory that the shooting occurred accidentally. Finding no deficiency in trial counsel's performance, the claim of ineffective assistance of counsel is without merit.

## CONCLUSION

Based upon the foregoing, we affirm the denial of the Appellant's petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE